UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DANIEL DIAZ,<br><br>         Movant,<br><br>   -vs-<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | **DECISION AND ORDER**<br><br>**Civil Case No.**<br>**1:16-cv-00392-MAT**<br>**Criminal Case No.**<br>**1:06-cr-00023-MAT**<br><br>**and**<br><br>**Civil Case No.**<br>**1:16-cv-00391-MAT**<br>**1:01-cr-00129-MAT** |

---

**INTRODUCTION**

Daniel Diaz ("Diaz" or "Movant"), proceeding pro se, has filed a Motion to Vacate under 28 U.S.C. § 2255 (Dkt #11 in 1:06-cr-00023; Dkt #872 in 1:01-cr-00129), seeking an order vacating and correcting his sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson").

**BACKGROUND**

On January 17, 2006, in USA v. Diaz, et al., 1:01-cr-00129 (W.D.N.Y. Aug. 21, 2001), Movant appeared before Hon. Richard J. Arcara, U.S. District Judge, and pled guilty to Count 2 of the Second Superseding Indictment (Dkt #256 in 1:01-cr-00129), which charged engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). Also on that date, Movant waived indictment in USA v. Diaz, et al., 1:06-cr-00023 (W.D.N.Y. Jan. 17, 2006), and pled guilty before Judge Arcara to a one-count information (Dkt #1

in 1:06-cr-00023), which charged unlawful possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The written plea agreements were identical in both cases. Movant's sentencing range under the U.S. Sentencing Guidelines ("USSG" or "Guidelines") in 1:01-cr-00129 was 360 months to life, plus a mandatory 60-month consecutive sentence for Count 1 of 1:06-cr-00023. On September 25, 2006, Judge Arcara sentenced Movant to consecutive terms of imprisonment of 360 months on Count 2 of 1:01-cr-00129, and 60 months on Count 1 of 1:06-cr-00023.

These are Movant's first Section 2255 motions, which are identical in both cases. Respondent filed a memorandum of law in opposition. Movant did not file a reply. For the reasons discussed below, relief under Section 2255 is not warranted, and Diaz's motions are denied.

### DISCUSSION

In <u>Johnson</u>, 135 S. Ct. 2551, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924c(2)(B), is constitutionally void for vagueness under the Due Process Clause. Though <u>Johnson</u> dealt only with the ACCA's residual clause, the Second Circuit has recognized that the operative language of USSG § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause

is identical.[1] See, e.g., United States v. Gray, 535 F.3d 128, 130 (2d Cir. 2008) ("[W]here the language of two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently involves the risk specified in both provisions.") (quotation omitted). Effective August 1, 2016, Sentencing Commission amended Section 4B1.2(a)(2) to strike the residual clause, finding that it implicated many of the same concerns cited by the Supreme Court in Johnson.

Movant asserts that the alleged "enhancement of [his] sentence of 60 months exceeded the maximum allowed by law." He further contends that he was sentenced according to the USSG Career Offender provision for an alleged crime of violence (possession of a firearm illegal in violation of 18 U.S.C. § 924(c)(1)). Movant argues that the USSG definition of "crime of violence" in § 4B1.2(b) is unconstitutional for the same reasons that the term "violent felony" in the ACCA is unconstitutional. Therefore, Movant reasons, his sentence of 60 months for possession of a firearm is illegal.

While creative, Movant's argument misses the mark. There was no sentencing "enhancement" under the USSG Career Offender Guideline, § 4B1.1 in this case. The Court has reviewed the

---

[1] Compare U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include "conduct that presents a serious potential risk of physical injury to another") with 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include "conduct that presents a serious potential risk of physical injury to another").

transcripts of the sentencing proceedings, and there is no reference to USSG § 4B1.2(b)'s residual clause or "crime of violence" in them. To the contrary, it is clear that Diaz was not sentenced as a Career Offender under the Guidelines. Indeed, at one point, AUSA Duszkiewicz informed Judge Arcara that "[the Probation Officer] in the presentence report indicates that *career offender is not applicable* because of the guideline ranges that are established. . . ." Sentencing Transcript (Dkt #873 in 1:01-cr-00129; Dkt #12 in 1:06-cr-00023) at 31 (emphasis supplied). What Movant terms a sentencing "enhancement" for a "crime of violence" under the Guidelines is actually his mandatory 60-month sentence for his conviction by guilty plea on one count of violating 18 U.S.C. § 924(c)(1)[2] in 1:06-cr-00023.

---

[2]
Title 18 U.S.C., § 924(c)(1)(A) provides in part that "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years. . . ." 18 U.S.C. § 924(c)(1)(A)(i). "Where applicable, the prescribed five-, seven-, or ten-year minimum sentences (for possession, brandishing, or discharge, respectively) *must run consecutively* to any other term of imprisonment, including the term imposed for the predicate crime of violence or drug trafficking. United States v. Tejada, 631 F.3d 614, 617 (2d Cir. 2011) (citing id., § 924(c)(1)(D)(ii); emphasis supplied).

Movant also argues that "the language used in establishing the sentences according to title 18 § 924 (c)(1) uses as cross reference to title 8 USCS § 1101, which in Dimaya v. Lynch, 803 F3d 1110 (9th Cir. 2015) was decided it has similar language as of the ACCA residual clause, which renders it (title 18 § 924(C)(1) that is) also unconstitutional. . . ." In Dimaya, the Ninth Circuit held that the Immigration and Nationality Act's ("INA") definition of "aggravated felony" was unconstitutionally vague in light of Johnson. Id. at 1120. Dimaya has no relevance whatsoever to Diaz's case. Moreover, 18 U.S.C. § 924(c)(1) has not been rendered unconstitutional by Johnson; indeed, it is wholly unaffected by that case.

Finally, Diaz asserts that "the mandatory sentences imposed for a mere possession of a firearm constitutes unusual and cruel punishment" in violation of the Eighth Amendment, "taking into account that in the instant case
[he] was not even in actual possession of any firearm, another allegedly co-conspirator was." The Second Circuit has observed, "even mandatory sentences of life imprisonment without the possibility of parole do not violate the Eighth Amendment simply because they are mandatory." United States v. Jackson, 59 F.3d 1421, 1424 (2d Cir. 1995) (citing Harmelin v. Michigan, 501 U.S. 957, 994-96 (1991) (imposition of mandatory sentence of life in prison without possibility of parole, on conviction of possessing

more than 650 grams of cocaine, without any consideration of mitigating factors such as fact that defendant had no prior felony convictions, did not constitute cruel and unusual punishment; severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense)).

In sum, the Court agrees with Respondent that Diaz does not have a viable claim that any part of his sentence violates Johnson. None of the other arguments raised by Diaz have merit. He has not established that his sentence was imposed in violation of the Constitution or laws of the United States, or was in excess of the maximum authorized by law. See 28 U.S.C. § 2255(a). Accordingly, relief under Section 2255 is unwarranted.

## CONCLUSION

For the reasons discussed above, the Section 2255 Motions filed by Daniel Diaz are **denied**.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     November 18, 2016
           Rochester, New York